AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Jason Lee Staats<br>*Defendant(s)* | )<br>)<br>) Case No. 2:22-mj-271<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of 12/02/2021 in the county of Deleware in the Southern District of Ohio, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(9) | Possession of a firearm by a Prohibited Person (Misdemeanor Crime of Domestic Violence) |

This criminal complaint is based on these facts:
See Attachment A

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Aaron Green, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 14, 2022

_____
Kimberly A. Jolson
United States Magistrate Judge

City and state: Columbus, Ohio

AO 91 (Rev. 11/11) Criminal Complaint

## ATTACHMENT A

I, Aaron Green, being duly sworn, depose and state that:

1. I have been a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since November of 2017. I am a graduate of the ATF National Academy Special Agent Basic Training Program and the Federal Law Enforcement Training Center, Criminal Investigator Training Program. I was a member of the Federal Air Marshal Service, with the Department of Homeland Security, from December 2010 to July 2016 and a graduate of the Federal Law Enforcement Training Center, Federal Air Marshal Training Program. I worked as a patrol officer for the Columbus Police Department in Columbus, Ohio from December 2000 to December 2010, and from April 1998 to December 2000 I was employed as a patrol officer for the Suffolk Police Department in Suffolk, Virginia. As a result of my training and experience as an ATF Special Agent, I am familiar with federal criminal laws pertaining to firearms violations. As a Special Agent, I am also authorized to carry firearms, execute warrants, make arrests for offenses against the United States, and perform other such duties as authorized by law.

2. This affidavit is made in support of a criminal complaint against Jason Lee STAATS, DOB 01/20/1977, for a violation of Title 18 U.S.C. Section 922(g) (9) and 924(a)– Possession of a firearm by a Prohibited Person (Misdemeanor Crime of Domestic Violence). The statements in this affidavit are based upon my training and experience, consultation with other experienced investigators and agents, review of related police reports, and other sources of information relative to firearms investigations. This affidavit is intended to set forth probable cause in support of the criminal complaint and does not purport to set forth all of my knowledge regarding this investigation.

3. On December 2, 2021, at approximately 0430 hours, Delaware Police Department (DPD) Officers responded to 15 East Heffner St., Delaware, Ohio, on a complaint of someone with a firearm who was yelling about shooting up the neighborhood. The caller identified the person yelling as STAATS and informed Officers that STAATS had made comments about blowing up an intersection. The caller stated that STAATS said he was going to kill her and STAATS may have been intoxicated.

4. DPD Officers attempted to contact STAATS at 15 E. Heffner St. but there was no answer at the door. The caller stated that they did not want to press charges and that STAATS' mental status was declining. Due to there being no answer at the door, DPD Officers left the area and informed first shift Officers of the incident and asked them to follow up later in the day.

5. At approximately 1200 hours, DPD Officers made contact with STAATS at 15 E. Heffner St. STAATS could not provide any information regarding the incident at 0430 hours and the Officers could not understand what he was saying at times. The Officers

AO 91 (Rev. 11/11) Criminal Complaint

then called the original caller who stated that she may be willing to press charges for the threats STAATS made.

6. DPD Officers returned to STAATS residence at 1530 hours and once again spoke to STAATS. STAATS advised that he lived alone in the residence and did not have a firearm. STAATS then gave Officers consent to go into his residence and search for a firearm. STAATS informed Officers that he did have a toy plastic gun in the residence. Officers recovered the toy firearm in a cooler inside the residence. Officers also recovered a box of .380 ammunition in the drawer to the right of the bed in the main bedroom. Officers also found empty boxes for real firearms under the bed, in addition to firearms cleaning supplies in another room inside the residence.

7. In the hallway of the residence officers observed a large "Cannon" brand gun safe with an electronic lock. STAATS provided Officers with the code to the safe and inside was a Kel-Tec .380, semi-auto firearm, with serial number K5J44. There was also a large metal box containing multiple calibers of ammunition.

8. On December 3, 2021, DPD Officers discovered that the Kel-Tec .380, semi-auto firearm, with serial number K5J44, had been taken from STAATS for safekeeping and returned to STAATS father on 08/27/2020. DPD Officers informed STAATS father that he was not to return the firearm to STAATS.

9. On January 14, 2022, a DPD Officer spoke to STAATS via telephone after STAATS left the Officer a message asking him to call him. STAATS stated that he purchased the Kel-Tec .380, semi-auto firearm, with serial number K5J44, for his underage nephew and was holding on to the Kel-Tec .380, semi-auto firearm, with serial number K5J44, so he could give it to him. STAATS also stated that he knew he should not have firearms in his possession but wasn't sure if he could go to a store and buy one.

10. An ATF agent with experience in determining the interstate nexus of firearms has concluded that the Firearm was not made in the state of Ohio and therefore has traveled across state lines, creating an interstate-commerce nexus.

11. STAATS has a misdemeanor Domestic Violence conviction from Crawford County Municipal Court, Case Number 2003 CR B 0300933, on or around September 16, 2003. STAATS pled No Contest to the violation.

12. Because STAATS was convicted of the Domestic Violence offense and based on his admissions, STAATS was aware that he was not permitted to possess a firearm.

13. Your affiant states that this offense occurred in Delaware County, Ohio, which is in the Southern District of Ohio.

AO 91 (Rev. 11/11) Criminal Complaint

14. Based upon the aforementioned information and events, and your affiant's training and experience in dealing with federal firearms violations, your affiant believes that probable cause exists to believe that on or around December 2, 2021, Jason Lee STAATS, knowing he was convicted of Domestic Violence, did knowingly possess a firearm which was not manufactured in the State of Ohio and therefore travelled in and/or affected interstate commerce, in violation of Title 18, United States Code Sections 922(g)(9) and 924(a).

_____
Aaron Green, ATF Special Agent

Sworn to before me and signed in my presence.

_____
Kimberly A. Jolson
United States Magistrate Judge

April 14, 2022
_____
Date